**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOHN DAVIS PRYOR,

               Plaintiff,

                                                        Case No. 8:13-cv-1499-T-27JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

               Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. No. 15), filed November 8, 2013, that the Court construes as a Motion for Summary Judgment ("Motion").[2] In the Motion, Defendant seeks dismissal of Plaintiff's Complaint because it was not timely filed pursuant to the Social Security Act. Motion at 1. On December 6, 2013, the Motion was taken under advisement, and Plaintiff was directed to file a response. See Order (Doc. No. 16). Plaintiff filed his Response (Doc. No. 17; "Response") on January 2, 2014.

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

[2] After the Motion was filed, on December 6, 2013, an Order (Doc. No. 16) was entered specifically advising Plaintiff that the Court was considering treating the Motion as one for summary judgment and giving Plaintiff an opportunity to submit any "material that is pertinent to the [M]otion." (quotation and citation omitted). As explained herein, both parties submitted matters outside the pleadings. Accordingly, the Motion is construed as one for summary judgment. See Fed. R. Civ. P. 12(d).

In the Response, Plaintiff does not dispute any of the facts as stated by Defendant. See generally Response.  Plaintiff indicates that he believed he "was within timely limits" because he "was interviewing with several attorneys for representation of this federal filing level case." Id. at 1.  He states that he could not find an attorney who would represent him. Id.  He asks the Court to grant him an extension of time because he "feel[s] that [he was] misrepresent[ed] by counsel at the Social Security level hearing." Id. at 2.  He attached various documents to his Response, including a handwritten timeline of events and some documents from the Social Security Administration. See Doc. No. 17-1 at 1-10.

Attached to the Motion is an ALJ's Decision dated August 6, 2012. See ALJ's Decision (Doc. Nos. 15-2 to 15-4).  It appears that between 2010 and 2011, Plaintiff filed applications for disability insurance benefits and supplemental security income as well as a request for waiver of overpayment. See Doc. No. 15-2 at 4.  The ALJ apparently held a hearing on July 11, 2012, during which Plaintiff was represented by counsel. See id.  At that hearing, the ALJ considered both of Plaintiff's applications for benefits and Plaintiff's request for a waiver of the overpayment. Id.  The ALJ's Decision attached to Defendant's Motion only adjudicates the applications for disability benefits but indicates that a separate decision on the overpayment issues was issued on that same date. Id.

Also attached to Defendant's Motion is a Notice of Appeals Council Action dated March 19, 2013 (Doc. No. 15-5) at 1-3.  Plaintiff attached to his Complaint a Notice of Appeals Council Action dated March 26, 2013 (Doc. No. 1).  Presumably, one Notice is in regard to Plaintiff's applications for benefits and the other Notice is in regard to Plaintiff's request for waiver of overpayment. On June 7, 2013, Plaintiff filed a Complaint (Doc. No.

1) in this Court. In his Complaint, Plaintiff alleges that he filed "this civil action regarding Administrative Law Judge, Donald Smith's Decision Pertaining to [Plaintiff's] continuing disability and a 10 year overpayment of social security benefits . . . ." Compl. at 1 (capitalization omitted).

As set forth in 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow." The sixty-day limitation period "is not jurisdictional, but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 480 (1986) (citations omitted); see Stone v. Heckler, 778 F.2d 645, 649 n.7 (11th Cir. 1985). The limitation period "is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually," Bowen, 476 U.S. at 481, and it must be strictly construed as it is a condition on which the United States has waived its sovereign immunity, see id. at 479 (citation omitted).

In this case, the Appeals Council denied Plaintiff's requests for review on March 19, 2013 and March 26, 2013. See Notice of Appeals Council Action (Doc. No. 1) at 2; Notice of Appeals Council Action (Doc. No. 15-5) at 1; see also Motion at 3; Declaration of Patrick J. Herbst (Doc. No. 15-1) at 3. Plaintiff is presumed to have received the Appeals Council's notices denying his requests for review within "5 days" of the date on the notices. See 20 C.F.R. §§ 404.901, 422.210(c). Accordingly, Plaintiff was required to file a civil action by May 23, 2013 or May 30, 2013. Plaintiff's Complaint, however, was not filed until June 7,

2013.[3]  Accordingly, Plaintiff's Complaint was untimely filed.  The Court must now consider whether extraordinary circumstances justify the application of the equitable tolling doctrine.

"[T]raditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007).  "[E]quitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." Id. at 1354 (quoting Waller v. Comm'r of Soc. Sec., 168 F. App'x 919, 921 (11th Cir. 2006)); see id. at 1355 (providing examples of extraordinary circumstances: "fraud, misinformation, or deliberate concealment").  Plaintiff does not set forth any justification that would rise to the level of "extraordinary circumstances."  Plaintiff simply states that he "was under the impression that [he] was within timely limits . . . since [he] was interviewing with several attorneys for representation of this federal filing level case."  Response at 1.  Plaintiff's misimpression does not justify the application of the equitable tolling doctrine.

Given Plaintiff's untimely filing and his failure to present any extraordinary circumstances, it is

**RECOMMENDED THAT**:

1. The Commissioner's Motion to Dismiss Plaintiff's Complaint (Doc. No. 15), construed as a Motion for Summary Judgment, be **GRANTED**.

2. This matter be **DISMISSED**.

---

[3] Plaintiff did not file with the Social Security Administration a request for an extension of time to file a civil action.  Declaration of Patrick J. Herbst (Doc. No. 15-1) at 3.

3.      The Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on April 8, 2014.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:

Honorable James D. Whittemore
United States District Judge

Counsel of record
Pro Se party